

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

May 10, 2021

THE LAW OFFICE OF HARLEY D. BREITE
562 Black Oak Ridge Road
Wayne, N.J. 07470
harleydbreite@aol.com

**BY EMAIL**

  Re: *United States v. Scott Fairlamb,* Volume 1 of Discovery
     Case No. 21-cr-121-RCL

Dear Counsel:

  Please find enclosed as discovery in this case one USAFx file that contains materials as described in the attached index.

  Please note that this production does not include any materials from your client's seized cell phone. Pursuant to our agreement, a filter team is segregating communications between you and your client and the remainder of the materials will then be provided to the prosecution team. Items seized from the phone will be provided in later discovery productions. If you would like a forensic copy of your client's cell phone, please let me know. Please also note that additional discovery productions will made in this matter.

  Please also note that this production does not include some materials that were previously provided in preliminary discovery, including the full returns from the Facebook and Instagram search warrants on your client's accounts and a series of videos from January 6, 2021 that were provided to the FBI as well as one video of Capitol CCTV that was previously provided in preliminary discovery.

  Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution. These materials may include, but are not limited to, surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips.   The government is working to develop a system

that will facilitate access to these materials.  In the meantime, please let me know if there are any categories of information that you believe are particularly relevant to your client.

This material is subject to the terms of the Protective Order issued in this case.

I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16.  I will provide timely disclosure if any such material comes to light.  Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries.  I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial.  *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975).  I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant(s) plans to use one of the defenses referenced in those rules.  Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available.  If you have any questions, please feel free to contact me.

Sincerely,

*Leslie A. Goemaat*

Leslie A. Goemaat
Assistant United States Attorney

Enclosures
cc:  Gauri Gopal, AUSA
     Laura Ramirez, Office Manager for Harley Breite