**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
|  | : |
|  | : |
|  | : |
| **v.** | : **Case No. 21-CR-00120** |
|  | : |
|  | : |
| **SCOTT KEVIN FAIRLAMB,** | : |
|  | : |
| Defendant. | : |

**DEFENDANT SCOTT FAIRLAMB'S MOTION TO
VACATE, SET ASIDE OR CORRECT SENTENCE**

Defendant Scott K. Fairlamb ("Mr. Fairlamb"), by and through undersigned counsel,

respectfully moves this Court, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his

sentence.  Mr. Fairlamb is in federal custody in North Carolina.  On November 10, 2021, this

Court sentenced Mr. Fairlamb to 41 months' imprisonment.  Mr. Fairlamb seeks resentencing

pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984).

**BACKGROUND**

In a Superseding Indictment, Mr. Fairlamb was charged with one count of Civil Disorder,

in violation of 18 U.S.C. § 231(a)(3); one count of Obstruction of an Official Proceeding and

Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2; one count of Assaulting,

Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1); one count of

Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. §

1752(a)(1) and (b)(1)(A); one count of Disorderly and Disruptive Conduct in a Restricted

Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §

1752(a)(2); one count of Impeding Ingress and Egress in a Restricted Building or Grounds, in

violation of 18 U.S.C. § 1752(a)(4); one count of Engaging in Physical Violence in a Restricted

Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4); one count of Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); one count of Impeding Passage Through the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(E); one count of Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F); and one count of Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

On August 6, 2021, Mr. Fairlamb pleaded guilty to Counts Two and Three of the Superseding Indictment (Obstruction of an Official Proceeding and Assaulting, Resisting, or Impeding Certain Officers). On November 10, 2021, this Court sentenced Mr. Fairlamb to 41 months' imprisonment.

## ARGUMENT

Under section 2255, a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside or correct the sentence upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence." *Davis v. United States*, 417 U.S. 333, 343 (1974)).

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." S*trickland*, 466 U.S. at 687-88. The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

I.   **PREVIOUS COUNSEL FAILED TO FILE A MOTION TO DISMISS COUNT TWO OF THE INDICTMENT**

Count Two of the Indictment charged Mr. Fairlamb with Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2. Upon recommendation of his previous counsel, Mr. Fairlamb pleaded guilty to Count II even though a motion to dismiss this count would have had merit and would have changed the outcome of the case.

In *USA v. Miller*, Case No. 1:21-cr-00119 (CJN), Miller filed a motion to dismiss count 3 of his superseding indictment charging him with corruptly obstructing, influencing, and impeding an official proceeding, in violation of 18 U.S.C. § 1512(c)(2). In that case, this Court granted Miller's motion on the basis that a defendant violates Section 1512(c)(2) only when that individual "take[s] some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding." *Id.*, Memorandum Opinion (March 7, 2022), at 28. The superseding indictment did not allege or imply that Miller took any such action, and as such, the Court dismissed this count of the superseding indictment.

In its analysis, this Court reviewed the text of Section 1512(c):

> Whoever corruptly—
>
> (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with intent to impair the object's integrity or availability for use in an official proceeding; or
>
> (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,
>
> shall be fined under this title or imprisoned for more than 20 years, or both.

18 U.S.C. §§ 1512(c). The Court then focused on subsection (c)(2), specifically the definition of the word "otherwise", and found that the word "otherwise" links the two subsections in the

conduct prescribed by subsection (c)(1), Memorandum Opinion, at 17, and has a narrow and limited scope, meaning that the defendant must have taken some action *with respect to a document, record, or other object* in order corruptly obstruct, impede or influence an official proceeding. *id.*, at 28.  Miller, however, was not alleged to have taken any such action.

Similarly, in this case, Mr. Fairlamb was not alleged to have taken any action with respect to a document, record or other object in order to corruptly obstruct, impede or influence an official proceeding.  In the Superseding Indictment, Mr. Fairlamb was alleged to have violated Section 1512(c)(2) and 2 by "entering and remaining in the United States Capitol without authority". Superseding Indictment [ECF 23].  As reflected by the Court's Memorandum Opinion in *Miller*, these actions are insufficient to constitute a violation of Section 1512(c)(2).  If previous counsel for Mr. Fairlamb had filed a motion to dismiss Count Two of the Superseding Indictment, Mr. Fairlamb would have likely prevailed, and he would not have pleaded guilty to this Count.  In fact, Mr. Fairlamb repeatedly addressed his desire to file a motion to dismiss with his previous counsel, but he ignored Mr. Fairlamb's requests.

Mr. Fairlamb's sentence must be corrected.

## II.    PREVIOUS COUNSEL MISLED MR. FAIRLAMB AS TO HIS SENTENCE

A valid guilty plea must be a knowing, intelligent, and voluntary act "done with sufficient awareness of the relevant circumstances and likely consequences," *Brady v. United States,* 397 U.S. 742, 748 (1970), and, if so, must stand unless "induced by threats ... [or] misrepresentation ...," *id.* at 755; *see also McMann v. Richardson,* 397 U.S. 759, 772 (1970).  Under Fed. R. Crim. P. 32(d), a defendant does not have an absolute right to withdraw a guilty plea after sentencing but must move for withdrawal of his plea under 28 U.S.C. § 2255.  Once a defendant who has pleaded guilty has been sentenced, "permission to withdraw the plea will be granted only in

those extraordinary cases when the court determines that a manifest injustice would result from allowing the plea to stand.'" *United States v. Griffin,* 816 F.2d 1, 5 (D.C. Cir. 1987) (*quoting United States v. Roberts,* 570 F.2d 999, 1008 (D.C. Cir. 1977).

Mr. Fairlamb's plea fell short of these standards because it was induced by promises from his previous counsel that he would receive a sentence no longer than 12 months. Prior to the signing of the plea agreement, in August of 2021, Mr. Fairlamb's previous counsel repeatedly told Mr. Fairlamb that if he pleaded guilty, he would be home "this time next year". He also advised that he was contacted by someone from the U.S. House Select Committee on the January 6 Attack who requested an interview with Mr. Fairlamb, and that this interview would be Mr. Fairlamb's "golden ticket" to obtain a lighter sentence, and that if he did the interview he would be "home in no time". Despite Mr. Fairlamb's willingness to conduct an interview, an interview was never scheduled.

Moreover, during his pretrial detention, Mr. Fairlamb resided at the Correctional Treatment Facility in Washington, D.C. ("CTF")—a facility he wanted to leave as soon as possible. Previous counsel for Mr. Fairlamb advised that he would be transferred to another facility within one week after his sentencing hearing. The promise of an expeditious transfer incentivized Mr. Fairlamb to plead guilty and obtain a date for a sentencing hearing as soon as possible. Ultimately, Mr. Fairlamb remained at the CTF for approximately 82 days after sentencing, before he was transferred to FCI Butner II, in North Carolina, where he is currently serving his sentence.

Mr. Fairlamb's responses to the Court's Rule 11 inquiries further proceeded not from consciousness of his guilt but from his previous counsel's advice to answer the Court's questions affirmatively, regardless of the truth, so that he would receive a lighter sentence.

Furthermore, it is noteworthy that Mr. Fairlamb's previous counsel never shared any discovery with him. During a meeting with the government after Mr. Fairlamb signed his plea agreement, the government showed several videos to Mr. Fairlamb and his previous counsel which depicted Mr. Fairlamb rendering assistance to four Capitol police officers during the events on January 6th. The Government noted that two of the Capitol police officers stated that they recalled that Mr. Fairlamb assisted them on January 6th. Mr. Fairlamb had not seen this footage before, and it appeared that his previous counsel had not seen it either.

Mr. Fairlamb's sentence must be corrected.

### III.     PREVIOUS COUNSEL FAILED TO FILE OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

Under the provisions of Local Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of the Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections. Failure to file timely objections to the findings and recommendations set forth in the report may waive their right of appeal from an order of the District Court that adopts such findings and recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985).

Mr. Fairlamb's previous counsel failed to make any objections to the Presentence Investigation Report even though several portions of the report contained information that was objectionable. Specifically, and most importantly, the guideline calculation was incorrect as the probation officer added three points for a Victim Related Adjustment, pursuant to USSG § 3A1.2(a), even though this adjustment was already accounted for in the Specific Offense Characteristics and for which eight points were already added. Furthermore, this adjustment was

inappropriate for the Obstruction of an Official Proceeding count, which was applied as the highest offense level of the counts after grouping Counts 2 and 3 for guideline calculation purposes.

The presentence investigation report further outlined that "[p]ursuant to the Sentencing Reform Act of 1984, the Court <u>must</u> select a sentence from within the guideline range unless the case presents atypical factors" (emphasis added).   Contrary to the probation officer's statement, however, the sentencing guidelines are merely advisory, and not binding on the Court.  In fact, when Congress enacted the Sentencing reform Act of 1984, it directed the Commission to promulgate guidelines that "assure the meeting of the purposes of sentencing," 28 U.S.C. § 991(b)(1)(A), and to use average sentences imposed and prison time actually served in the pre-guidelines period as a "starting point". 28 U.S.C. § 994(m).  The Commission was then to continually review and revise the guidelines in light of sentencing data, criminological research, and consultation with frontline actors in the criminal justice system. *See* 28 U.S.C. § 991(b)(1)(C), § 991(b)(2), § 994(o), § 995(13), (15), (16).

Nevertheless, and despite Mr. Fairlamb's repeated requests that objections be filed, his previous counsel omitted the filing of any objections "because [if he did file objections] the prosecutors would not argue for a downward departure."

Mr. Fairlamb's sentence must be corrected.

## CONCLUSION

For the reasons stated above, Defendant Scott K. Fairlamb respectfully requests that this Court vacate his sentence and schedule a resentencing hearing.

Respectfully Submitted,

*/s/ Dennis E. Boyle*
Dennis E. Boyle, Esquire

7

Blerina Jasari, Esquire
Boyle & Jasari
1050 Connecticut Ave, Suite 500
Washington, D.C., 20036
Email: dboyle@dennisboylelegal.com
          bjasari@dennisboylelegal.com
Phone: (202) 430-1900

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September 2022, I electronically filed the

foregoing Motion and proposed Order with the Clerk of Court using the CM/ECF system, which

will send an electronic notification of such filing to all counsel of record.


*/s/ Dennis E. Boyle*
_____
Dennis E. Boyle, Esquire